Louis S. Goldstein, Respondent, Impleaded with Another, *v.* Tri-Continental Corporation et al., Defendants, and Earle Bailie et al., Appellants.

Argued November 14, 1939; decided December 28, 1939.

*William D. Whitney, Frederick H. Wood, Joseph Day Lee* and *George M. Billings* for appellants. The appellant directors of Selected Industries cannot be held liable in this action on account of their vote, as its directors upon its board, in favor of amendments to its charter. (*Rathbone* v. *Ayer*, 196 N. Y. 503; *Meinhard* v. *Salmon*, 249 N. Y. 458; *Wendt* v. *Fischer*, 243 N. Y. 439; *Globe Woolen Co.* v. *Utica G. & E. Co.*, 224 N. Y. 483; *Billings* v. *Shaw*, 209 N. Y. 265; *Jackson* v. *Ludeling*, 21 Wall. 616; *Pink* v. *Title Guarantee & Trust Co.*, 274 N. Y. 167; *Kavanaugh* v. *Kavanaugh Knitting Co.*, 226 N. Y. 185; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Farmers' Loan & Trust Co.* v. *New York & Northern R. Co.*, 150 N. Y. 410; *Munson* v. *Syracuse, G. & C. R. R. Co.*, 103 N. Y. 58; *Gamble* v. *Queens County Water Co.*, 123 N. Y. 91; *McQuade* v. *Stoneham*, 263 N. Y. 323; *Fells* v. *Katz*, 256 N. Y. 67; *Lindgrove* v. *Schluter & Co.*, 256 N. Y. 439; *New York Trust Co.* v. *American Realty Co.*, 244 N. Y. 209; *Continental Ins. Co.* v. *N. Y. & H. R. R. Co.*, 187 N. Y. 225.) The claim for alleged losses arising out of the acts of the directors of Tri-Continental Corporation in voting its holdings of stock of Selected Industries, in ratification of the amendment of the latter's charter, is barred by the six-year Statute of Limitations. (*Shaw* v. *Cock*, 78 N. Y. 194; *Merritt* v. *Scott*, 3 Hun, 657; *Smith* v. *Staten Island Land Co.*, 175 App. Div. 588; *Harriss* v. *Tams*, 258 N. Y. 229; *McConnell* v. *Caribbean Petroleum Co.*, 278 N. Y. 189; *McConnell* v. *Williams S. S. Co.*, 239 App. Div. 393; 265 N. Y. 594; *New York Central & H. R. R. R. Co.* v. *Kinney*, 260 U. S. 340.) The claim for damages

alleged in the fourth cause of action is barred by the Statute of Limitations. (*Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Potter* v. *Walker*, 276 N. Y. 15; *Hanover Fire Ins. Co.* v. *Morse Dry Dock & R. Co.*, 270 N. Y. 86; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377; 150 N. Y. 572; *Dykman* v. *Keeney*, 154 N. Y. 483; *Hayes* v. *Brooklyn Heights R. R. Co.*, 200 N. Y. 183; *Peters* v. *Delaplaine*, 49 N. Y. 362; *Colrick* v. *Swinburne*, 105 N. Y. 503; *Reed* v. *State*, 108 N. Y. 407; *Schutz* v. *Morette*, 146 N. Y. 137; *Minion* v. *Warner*, 238 N. Y. 413; *Welles* v. *Yates*, 44 N. Y. 525; *Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259.) The courts have power to dismiss a part of a separately stated and numbered count or cause of action under rule 107 (6) of the Rules of Civil Practice. (*Lloyd* v. *R. S. M. Corp.*, 251 N. Y. 318; *Lowe* v. *Lowe*, 265 N. Y. 197.) The claim to relief in respect of certain alleged losses suffered by Tri-Continental by reason of the acts of the appellants in causing it to purchase its own stocks was not interposed within six years after the right to relief by action in respect thereof accrued. (*Thomas* v. *Harvie's Heirs*, 23 U. S. 146; 2 Perry on Trusts [14th ed.], p. 1486; Angell on Limitations [6th ed.], § 148.)

*Edward A. Rothenberg, Joseph Nemerov, Robert Gordon* and *A. Edward Moskowitz* for respondent. A cause of action was stated against the defendants who were directors of both corporations in respect of their voting in favor of charter amendments which changed the capital structure of the one corporation to the damage of the other. It was the duty of the " common directors " to refrain from voting on matters affecting the interests of both corporations. (*Munson* v. *Syracuse, G. & C. R. R. Co.*, 103 N. Y. 59; *Pink* v. *Title Guarantee & Trust Co.*, 164 Misc. Rep. 128; *Globe Woolen Co.* v. *Utica G. & El. Co.*, 224 N. Y. 483; *Bosworth* v. *Allen*, 168 N. Y. 157; *Winter* v. *Anderson*, 242 App. Div. 430; *Kavanaugh* v. *Kavanaugh Knitting Co.*, 226 N. Y. 185.) The second cause of action stated against the defendant directors of Tri-Continental who voted the stock of Selected Industries held by Tri-Continental in

favor of the amendments of the charter of Selected Industries is not barred by the Statute of Limitations. The statute was tolled by the service of the original complaint, since the additional allegations in the present complaint do not constitute a new cause of action. (*Harriss* v. *Tams,* 258 N. Y. 229.) The fourth cause of action being an action for the recovery of profits is governed by the ten-year Statute of Limitations. The allegation in paragraph fifty with respect to the incidental losses suffered by the corporation by reason of the same wrongful acts of the same defendant directors is part of the cause of action and is likewise governed by the ten-year Statute of Limitations, since the remedy at law is inadequate. (*Potter* v. *Walker,* 276 N. Y. 15; *Falk* v. *Hoffman,* 233 N. Y. 199; *Hanover Fire Ins. Co.* v. *Morse Dry Dock & R. Co.,* 270 N. Y. 86.) The sixth cause of action is one for the recovery of profits and is governed by the ten-year Statute of Limitations. The allegations contained therein with respect to the incidental losses suffered by the corporation by reason of the same wrongful acts of the same defendant directors is part of the cause of action and is likewise governed by the ten-year Statute of Limitations, since the remedy at law is inadequate. (*Potter* v. *Walker,* 276 N. Y. 15.)

LOUGHRAN, J. This action to redress wrongs alleged to have been done to Tri-Continental Corporation is brought in its behalf by one of its stockholders. Tri-Continental Corporation is an investment company that was formed through a consolidation of two like companies. The consolidation was brought about by J. & W. Seligman & Co., a partnership of investment bankers. Because one of the predecessor companies also was named Tri-Continental Corporation, the parties say "New Tri-Continental" when they speak of the consolidated company.

The defendants other than New Tri-Continental include: (1) present and former directors of that corporation; (2) present and former directors of the two predecessor investment companies; and (3) present and former members of J. & W. Seligman & Co. We shall call these groups the defendants.

The complaint contains twelve separate statements of alleged causes of action. We are concerned with three only of these counts — the second, fourth and sixth. The defendants are the appellants here. They present four of five questions that have been certified to us by the Appellate Division.

(1) The first question certified relates to allegations of the second count which in substance are as follows: Selected Industries, Inc. (which was largely controlled by New Tri-Continental), had outstanding three classes of stock — prior, convertible and common. New Tri-Continental owned substantial amounts of this common and of this convertible stock, but owned none of this prior stock. By amendments to the charter of Selected Industries, Inc., the stated capital of that corporation was reduced and a surplus was established out of which dividends on such prior stock were paid, with the result that the actual and potential value of such common stock and of such convertible stock was decreased to the damage of New Tri-Continental as an owner thereof. Certain of the defendants (how many is not made clear) were directors of Selected Industries, Inc., and of New Tri-Continental and voted on the board of Selected Industries, Inc., for such amendments to its charter, " in violation of the duty owed by said defendants as directors of New Tri-Continental to the latter corporation and its stockholders to conserve its assets and to act solely in the interest of the corporation and of its stockholders." We are to say in the first place whether the foregoing allegations state facts sufficient to establish a liability to New Tri-Continental on the part of the defendants who were directors-in-common of New Tri-Continental and of Selected Industries, Inc.

There is no allegation that the amendments to the charter of Selected Industries, Inc., were in any way unjustified in themselves. There is no allegation that the vote of any director of Selected Industries, Inc., was other than in the best interests of that corporation. The plaintiff would have the court say that when directors-in-common of a

parent corporation and its subsidiary are acting on the board of the subsidiary, their votes (irrespective the merits and no matter what the consequences to the subsidiary) must be cast in the sole and exclusive interest of the parent corporation. This generalization, we think, is obviously unsound. No authority cited goes so far and the most relevant decision we have found looks the other way. (*Continental Ins. Co.* v. *N. Y. & H. R. R. Co.*, 187 N. Y. 225.) We find no difficulty in ruling that the allegations of the present division of the complaint do not state any actionable wrong of the defendant directors-in-common.

(2) The second question certified relates to so much of the second count as alleges that in August, 1931, the defendants while acting as directors of New Tri-Continental caused its holdings of stock of Selected Industries, Inc., to be voted in ratification and approval of the amendments to the charter of Selected Industries, Inc. If these allegations state a distinct actionable wrong of the defendant directors of New Tri-Continental asserted for the first time in the pleading now before us (a second amended complaint served in August, 1938), the Statute of Limitations is a defense.

The courts below agreed with the plaintiffs that as to this alleged wrong of the defendant directors of New Tri-Continental the statute had been tolled by service of the original complaint. Respecting the allegations last mentioned, Special Term said: " While the ratification was not alleged in the first complaint, it would appear that these new facts alleging it do not constitute a new and separate cause of action, but are merely a part and amplification of the acts by which the stockholders and the company are alleged to have been defrauded." As thus employed by the Special Term, the phrase " cause of action " means the violation of a duty — not the existence of a remedial right to have the court repair a wrong. We cannot adopt the view so expressed.

So far as this complaint discloses, the act of ratification performed by the defendant directors of New Tri-Continental

was a completely independent act. To be sure, that act related to the prior corporate action of Selected Industries, Inc., but that prior action (so far as this complaint alleges it) was itself completely independent. Any cause of action for the ratification was thus distinct from any cause of action for the separate initiation of the amendments by the directors of Selected Industries, Inc.

The original complaint was silent in respect of any action by the board of directors of New Tri-Continental. The charges therein were made only against " those defendants who were directors of Selected Industries, Inc., and also of new Tri-Continental." Some of the defendants who were directors of New Tri-Continental were not directors of Selected Industries, Inc. We think the original complaint did not convey notice to the defendant directors of New Tri-Continental that they were to be held to answer for their conduct on the board of that corporation. The cause of action now sought to be stated against them because of their ratification of the amendments to the charter of Selected Industries, Inc., is " upon a different obligation or liability, and for different conduct from that specified in the original complaint." (*Harriss* v. *Tams,* 258 N. Y. 229, 243.) Accordingly the six-year Statute of Limitations is a bar to that cause of action. (Civ. Prac. Act, former § 48, subd. 3.) The period of limitations is now three years. (Civ. Prac. Act, § 49, subd. 7.)

(3) The defendants do not press so much of their appeal as is presented by the third question certified.

(4) The fourth question certified relates to the following allegations of the fourth count:

"*Forty-eighth.* That pursuant to the general plan or scheme to utilize the Tri-Continental Corporations for their own benefit, even to the derogation of the interests of the said corporations and the stockholders thereof, the various defendants, and in particular, Seligman & Company, caused the Tri-Continental Corporations * * * to enter into and take over certain syndicate participations * * * for the purpose of relieving Selig-

man & Company of said obligation, and Seligman & Company, through its control of the several Tri-Continental Corporations, caused them to participate with Seligman & Company in underwriting or purchasing numerous securities * * *

"*Forty-ninth.* That, as a result of the participations in said securities by the Tri-Continental corporations, Seligman & Company was relieved of its obligations to invest large sums of money in said securities and was thereby enabled to make large underwriting profits without assuming risk of loss and without the investment of capital.

"*Fiftieth.* That, as a result of said purchases and sales of various securities and said participations by the Tri-Continental corporations in said securities, the Tri-Continental corporations have suffered losses aggregating many millions of dollars; that said losses were caused by the acts of Seligman & Company and the individual defendants who were the directors of the Tri-Continental corporations and who authorized and/or ratified said acts, all of which were done in violation of their duties and obligations to the corporations and to the stockholders thereof."

The defendants contend that the allegations just quoted state two distinct causes of action — one of tort for the alleged losses and the other to establish a constructive trust of the alleged profits. All the securities in question were purchased more than six years before the commencement of this action. Hence the defendants say that the six-year Statute of Limitations is a bar to what they assert is the separate cause of action in tort for the alleged losses.

The courts below have read this division of the complaint as not stating any distinct right of recovery for injury to the property of New·Tri-Continental. They ruled, on the contrary, that what is stated is a single cause of action for an accounting to recover profits received by the defendant directors of New Tri-Continental through Seligman & Co., exceeding the loses to New Tri-Continental resulting from the same transactions. The conclusion below was that

the ten-year Statute of Limitations is applicable (Civ. Prac. Act § 53). We agree that this was the right interpretation of the face of the complaint. (*Potter* v. *Walker*, 276 N. Y. 15.)

(5) The fifth and last question certified relates to allegations in the sixth count that the defendants caused New Tri-Continental to purchase its own preferred and common stocks for the purpose of supporting the market prices thereof; that thereby the defendants realized higher prices for shares of the same stocks sold by them individually; and that " by reason of said purchases of its own preferred and common stock at the higher and excessive prices as aforesaid, New Tri-Continental suffered great loss and damage." This cause of action is in character essentially the same as the cause of action last discussed above. We agree with the courts below that again the ten-year Statute of Limitations applies on the face of the pleading.

The orders should be modified in accordance with this opinion and, as so modified, affirmed, with costs to appellants in all courts. The first and second questions certified should be answered in the negative. The fourth and fifth questions certified should be answered in the affirmative. The third question certified need not be answered. (See 282 N. Y. 683.)

CRANE, Ch. J., LEHMAN, HUBBS, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.