BROCKWAY GLASS CO., Inc., v. HART-
FORD–EMPIRE CO. et al.

No. 387.

District Court, W. D. New York.

Jan. 10, 1941.

Saperston, McNaughtan & Saperston, of Buffalo, N. Y., for plaintiff.

Slee, O'Brien, Hellings & Ulsh, of Buffalo, N. Y., for defendant Hartford-Empire Co.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y., for defendant Hazel-Atlas Glass Co.

KNIGHT, District Judge.

Three several motions by the plaintiff are here under consideration. In order to determine these, it is necessary to have an understanding of the issues in the suit at bar.

During and prior to 1928, defendant herein, Hartford-Empire Company (hereinafter called Hartford) was engaged in a patent infringement litigation with defendant herein Hazel-Atlas Glass Company (hereinafter called Hazel) and its wholly-owned subsidiary Kearns-Gorsuch (hereinafter called Kearns). Plaintiff herein (hereinafter called Brockway) made an agreement with Hazel and Kearns to co-operate and assist them in such litigation by furnishing certain testimony. On their part Hazel and Kearns agreed that neither would allow Hartford to avoid a final decision in the infringement suit, unless Brockway were permitted to receive a set-

tlement on the same or as favorable terms as did Hazel and Kearns. Payment of the sum of $10 by Hazel and Kearns was, also, stated to be a consideration for the agreement. Plaintiff herein claimed to be the owner of certain feeder devices, and in the patent infringement suit Hazel sought to show that these anticipated the patent to Hartford, and Brockway co-operated and assisted Hazel and Kearns on the said trial by producing certain witnesses who testified in support of Hazel and Kearns.

In the District Court the patent suit resulted in favor of Hartford. This decision was affirmed by the Circuit Court of Appeals. No further action was taken in the suit, but Hazel and Kearns settled or compromised the patent suit and Hazel entered into a license agreement with Hartford. Subsequently Brockway entered into a license agreement with Hartford upon terms claimed to be less favorable than those made by Hazel with Hartford. Plaintiff claims that defendants herein conspired to mislead it into the making of such agreement with Hartford to its damage, by falsely misrepresenting the terms of the Hazel license agreement with Hartford.

The defendants, among other things, assert that the license agreement made by Brockway with Hazel and Kearns was void for lack of consideration; void because contrary to public policy; void because procured by plaintiff by fraud and that the agreement made between Brockway, Hazel and Kearns was fully performed by Hazel and Kearns prior to the execution of a release by Brockway.

Plaintiff seeks under Federal Rules of Civil Procedure, Rule 30(b), 28 U.S.C.A. following section 723c, to limit the scope of certain depositions of certain witnesses proposed to be taken by the defendant Hartford, and under Rule 12(f) to strike out certain paragraphs of Hartford's answer. The argument of these motions as to Hartford were combined at the hearing with the motion by the plaintiff to strike certain allegations from the answer of the defendant Hazel-Atlas. The motions are made upon all of the proceedings had and taken in the suit.

1. The motion to restrict the deposition with respect to Hartford's notice of deposition paragraph numbered 3 therein is denied. Plaintiff claims the matters mentioned in this paragraph are privileged. communications because they are between an attorney or attorneys and client. There is no question as respects this privilege, and Rule 26(b) of the Rules of Civil Procedure specifically exempts from examination under a deposition "privileged" matter, but there may be circumstances under which that privilege has been waived. It is also proposed under item 3 to take depositions of officers and employees of the plaintiff. Clearly some of the inquiry sought of these may not be privileged. Of course any inquiry must be relevant. No reason is seen why the defendant Hartford should not be permitted to inquire as to the "existence of any memoranda or letters written" by any individuals named in the deposition provided it relates to memoranda or letters written prior to the institution of the present suit and provided further that such letters or communications are relevant and do not come within the privilege given attorneys. The question of whether such privilege can be rightly claimed can only be shown upon the examination upon the taking of the depositions. The claim then made can be considered by the court. The deposition is not however to be permitted to be taken as to the contents of such memoranda or letters. Under the circumstances here disclosed, it is best to require the defendant Hartford to resort to Rule 34 for the production and inspection of such documents or letters. This may seem to require an unnecessary duplication of effort, while there may be some question whether as held in Schweinert v. Insurance Co. of North America, D.C., 1 F.R.D. 247, resort to Rule 34 is necessary, it seems to me in the instant case it should be required.

2. Plaintiff moves to restrict the deposition proposed by Hartford in paragraph numbered 6 and that portion of paragraph 1 which refers to paragraph XIV of the plaintiff's complaint. These paragraphs relate to certain feeder devices and testimony given on a previous suit by certain of plaintiff's employees. Paragraph XIV of the complaint sets out the agreement between plaintiff and Kearns and Hazel and the action taken by the plaintiff thereunder.

It is the contention of the plaintiff herein that the defendant Hartford is not entitled to take deposition of plaintiff's witnesses with respect to these matters, because (a) defendant is neither a party nor privy to the agreement of March 28, 1928; (b) the testimony given by the employees of the plaintiff or its truth or-

falsity is irrelevant and immaterial; (c) that the inquiry is barred by the decision in the prior suit and the conduct of the defendant; and (d) that such inquiry could only be to establish a defense barred by laches and the statute of limitations. We have heretofore pointed out certain defenses set forth in the answer of Hartford. Generally speaking, these particular parts of this deposition are directed to the validity and the performance of the aforesaid agreement. There can be no question that testimony sought to be brought out upon the taking of any deposition must be relevant and material to the issues involved. Rule 26(b). While Hartford was not a party to the Brockway and Atlas-Kearns agreement, in my view it is entitled to establish, if it can, that such agreement was void. When Brockway made its license agreement with Hartford, it executed an instrument purporting to be a release of its rights under the agreement made by it with Atlas-Kearns, and it is claimed that this release was obtained by fraud and that plaintiff was thereby induced to relinquish valuable rights against Hazel. If the plaintiff had no right of action against Hazel, then it relinquished nothing by the release and suffered no damage thereby. The plaintiff calls attention to numerous cases where through lack of privy of contract a third party was denied the right to question the validity of an agreement. The instant case presents an entirely different situation than that shown in any of the cases cited. Here the basis of plaintiff's right of recovery is fraud. Such fraud concerns the procuring of the release from this agreement and the making of an alleged less favorable agreement. Under these circumstances it seems to me that fraud perpetrated by the plaintiff upon Hazel and Kearns would void the right of plaintiff to recover in this suit. The two agreements are tied together as it were.

However, the proposed inquiry with respect to feeder devices and the testimony given on the previous suit is too broad. The defendant Hartford presumably has complete details of the feeder device operated by the plaintiff in the record in its suit against Hazel-Atlas. It also has the license agreement made between it and plaintiff. Any inquiry with reference to these devices should be directed to the specific thing sought to be brought out and that is not so directed here. The inquiry sought would lead to a threshing over the same ground taken in the infringement suit. Further, the defendant is not entitled to inquire as to the falsity of the testimony given upon the infringement suit. It should be definitely limited to an inquiry as to the knowledge of the falsity of that testimony by the officials of the plaintiff when that testimony was given. The test is knowledge of the falsity. Surely it is not proper to try out the question at issue in the infringement suit in the suit at bar. Such an inquiry under the circumstances shown here would appear rather as a "fishing expedition" than anything else. This is not saying, however, that it will not be necessary to make certain inquiries of the witnesses with reference to their testimony in order to develop the knowledge of the officers of the plaintiff as to its falsity. It is contended by the plaintiff that the inquiries sought as to matters in paragraphs 6 and 1 aforesaid would be only for the purpose of defenses which are barred by laches and the statute of limitations. Whether these defenses bar such inquiry can not now be determined. The statute of limitations would begin to run from the time when fraud charged was discovered. The same might apply to laches under the facts in the instant case. This suit was brought in 1940. When discovery of fraud was made does not appear.

2. Plaintiff moves to strike from Hartford's answer defenses set out in paragraph LX which alleges that the agreement was void for lack of consideration. LXI; that the agreement was void because it was contrary to public policy; LXII; because it was procured by the plaintiff through fraud and deceit; and LXIII; because the contract was fully performed prior to September, 1932.

As to the defenses of lack of consideration and fraud, I think they should stand. The reasons heretofore given as to the effect of the allegation of fraud are sufficient in so far as paragraph 62, supra, is concerned, and I believe that, while there may be doubt as respects the defense of lack of consideration, this should be permitted to remain to be considered in connection with the other defenses.

The question of whether this contract is against public policy is not free from doubt. Definitely the rule of law is that a contract which has the result of stirring up litigation is contrary to public policy. Most authorities cited by the de-

fendant Hartford are in those cases in which the agreement was made prior to the bringing of any suit. I think the proof as to just what was done and all the circumstances should be developed before the sufficiency of this defense is decided.

As to the allegation that the agreement was fully performed by Hazel and Kearns prior to the execution of the release, it seems to me, if competent at all, it is so only on the theory that the meaning of "final decision" must be determined upon the facts. As far as the question of whether the defendant Hartford was not a party to the contract and was not concerned with its performance is concerned, I have heretofore expressed my view with respect to that. I think this paragraph should be permitted to stand to await proof of any of the intent of the parties. The facts and circumstances may show the intended meaning.

3. As to the motion of the plaintiff to strike from the defendant Hazel's answer paragraphs 38 and 39—this is to be denied. Paragraph 38 alleges that the only consideration for the agreement was the production of evidence in the Kearns case and that, therefore, the agreement was against public policy. In paragraph 39 it is alleged that the agreement was void for lack of consideration.

As distinguished from Hartford, Hazel was a party to the agreement. Whether it is such an agreement as is contrary to public policy should, as heretofore stated, be left to proof of circumstances upon the trial which may show more clearly the rule of law to be followed. What has been said heretofore with reference to a similar motion in the Hartford case is applicable with reference to paragraph 39. I think this should be permitted to stand. While plaintiff states in its brief that "should any question arise on the trial of this action as to the consideration of the March 28, 1928, contract, the plaintiff will establish it," it does not necessarily follow that the paragraph is surplusage in so far as this defendant is concerned.

The plaintiff also moves to strike out certain portions of paragraph 2 which refers to finding by the special master in the Hartford-Kearns suit. It seems to me that this allegation is wholly irrelevant and immaterial and should be stricken. If the special master found that certain testimony given by the witnesses produced by Brockway in the Hartford-Kearns suit was absolutely contradicted by the documentary evidence this does not state a defense. This defendant Atlas makes no contention that the testimony given by the witnesses by Brockway was false. Any finding by the special master to any contradictory testimony would have no bearing on the issues in the present fraud action.

I appreciate that difficulties will be presented in taking the deposition herein to make the inquiries within the lines attempted to be here drawn. I realize that when it is asserted that the defendant may inquire into the known falsity of the testimony in the infringement suit that this may invite inquiry as to what the testimony given was. I think, as stated, the defendants here should not be permitted to go over all the former trial and these issues can and should be determined without that being done. When the question of the extent or limit of this decision is raised on the taking of the depositions decision of it may be made by the court that may seek to guide the taking of the depositions within the limitations intended.

An order will be granted pursuant to the opinion herein given.