## LAIRD et al. v. UNITED SHIPYARDS, Inc., et al.

District Court, S. D. New York.

April 4, 1941.

John A. Bolles, of New York City (Edwin L. LaCrosse, of New York City, of counsel), for plaintiffs.

Proskauer, Rose & Paskus, of New York City (David Katz, of New York City, of counsel), for defendants Rogers and Powell.

LEIBELL, District Judge.

Defendants, Rogers and Powell, have moved under Rule 30(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to limit the scope of a notice

of examination served upon them by plaintiffs.

This is a derivative action, brought by plaintiffs as stockholders of the United Shipyards, Inc., in which it is alleged that the individual defendants secured for themselves secret profits in transactions during 1929 and 1933 in violation of their fiduciary duties as directors and officers of the corporation. The defendants Rogers and Powell have answered by way of general denials and affirmative defenses of the six and ten year statutes of limitation. By this motion said two defendants seek a limitation of the right of plaintiffs to examine a witness before trial to a period ten years prior to the date of the institution of this action, September 18, 1940, on the theory that anything prior to that date has been outlawed by the applicable statute of limitations.

The scope of an examination before trial under the F.R.C.P. is stated in Rule 26 (b) as follows: "(b) Scope of Examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

From a reading of this rule it is apparent that plaintiffs are entitled to examine the defendants herein regarding any matter which is relevant to plaintiffs' direct case or to defendants' defenses of the statute of limitation.

It is vital to plaintiffs that they examine the defendants regarding all matters relevant to the alleged secret profits complained of, including the dates the alleged secret profits were realized. Assuming the ten year statute of limitation to be applicable (Goldstein v. Tri-Continental Corporation, 282 N.Y. 21, 24 N. E.2d 728), the plaintiffs may be barred from asserting any cause of action that existed in favor of the corporation against these defendants prior to 1930. But this should not bar the plaintiffs from an examination of the acts of defendants or others prior to 1930, insofar as the matter inquired into is relevant to the subject matter of the action.

As a result of the examination plaintiffs may be able to show that the statute of limitation did not begin to run against their cause of action until some time after September, 1930 or they may show that the running of the statute was tolled for some reason during part of the period of 1929 to 1940. The validity of defenses need not be determined upon a motion to limit an examination before trial, where the matter sought to be inquired into is relevant to the subject matter of the pending action. Broackway Glass Co. v. Hartford-Empire Co., D.C., 36 F.Supp. 470. Defendants will not be prejudiced inasmuch as they may object at the trial to the introduction in evidence of any part of the deposition they consider inadmissible.

Motion to restrict the examination is therefore denied. Settle order on notice.