### HERCULES POWDER CO. v. ROHM & HAAS CO.

Civ. No. 301.

District Court, D. Delaware.

Dec. 28, 1943.

Robert H. Richards, Jr. (of Richards, Layton & Finger), of Wilmington, Del., and Theodore S. Kenyon and Edgar F. Baumgartner (of Kenyon & Kenyon), both of New York City, for plaintiff.

Arthur G. Connolly, of Wilmington, Del., for defendant.

LEAHY, District Judge.

This is an action for declaratory judgment[1] that defendant's patent No. 1,808,893, covering materials for an insecticide, is invalid and that plaintiff is not an infringer. Heckert, patentee-assignor's deposition has been taken. His testimony shows that while in the employment of defendant from June 1928 to June 1930 he experimented with many aliphatic thiocyanates in order to determine their utility as insecticides. He found some were, some were not useful. He referred to certain reports, notes and memoranda he had prepared in connection with his experimentation which he had turned over to defendant when he left its employ.

Plaintiff thereupon directed the issuance of a subpoena covering these items and service on certain of defendant's employees who have possession of the items and whose depositions are to be taken.[2] Defendant

---

[1] Under 28 U.S.C.A. § 400.

[2] The subpœna seeks discovery of the following items:

1. Reports of Leon C. Heckert to Rohm & Haas relating to his investigations or tests of aliphatic thiocyanates, the organic radical or residue of which includes a negative element or group, as the toxic agent of insecticides, said reports including all reports since June, 1928, either monthly, annually or otherwise, and some of said reports being referred to in the deposition of Leon C. Heckert, taken herein October 6, 1943.

2. The laboratory notes and data of Leon C. Heckert relating to the investigations or tests identified in item 1 above, said laboratory notes or data being referred to in the said Heckert deposition.

3. The card index mentioned by Leon C. Heckert in his said deposition and relating to his insecticide work for Rohm & Haas, especially in so far as it relates to the thiocyanates identified in item 1 above.

4. The complete files of French patent 696,326, British patent 361,900 and German patent 562,672 in so far as they show the form of the application as filed, the communications from or actions by, and references cited by the respective patent offices, the amendments made in the applications and arguments and communications to the respective patent offices in respect of the applications for those patents.

5. All correspondence and memoranda showing the date when Leon C. Heckert and Rohm & Haas, and each of them, received a copy of French patent 654,416 to I. G. Farbenindustrie, A. G.

6. Laboratory notes and data and reports to Rohm & Haas relating to all tests or investigations for Rohm & Haas by others than Leon C. Heckert of toxic agents of the type identified in item 1 above since June, 1928, including, but without limitation thereto, such of said tests and investigations as cover the "thousands of thiocyanates" referred to in the article by D. F. Murphy in Journal of Economic Entymology, Volume 29, page 607.

7. Laboratory notes and reports of Leon C. Heckert showing the date upon which he first tested benzyl thiocyanate and the date when he first tested any thiocyanate, the organic residue or radical of which comprises a negative element or group, as a toxic agent of an insecticide.

moved to quash the subpoena on the ground that it is too comprehensive in scope, seeks discovery of matters which are immaterial and lie without the issues raised by the pleadings. We are merely concerned with items 1, 2, 3 and 6 as contained in the praecipe for the issuance of the subpoena.[3]

The avowed purpose of the discovery sought is twofold. First, plaintiff wishes to show that the claims of defendant's patent are invalid because of broad claims which attempt to cover materials which do not contain the improvement set forth in the patent. If sufficient proof is adduced, this defense of invalidity finds support in Corona Cord Tire Co. v. Dovan Chemical Corp., 276 U.S. 358, 48 S.Ct. 380, 72 L.Ed. 610; The Incandescent Lamp Patent, 159 U.S. 465, 16 S.Ct. 75, 40 L.Ed. 221; Metals Recovery Co. v. Anaconda Copper Mining Co., 9 Cir., 31 F.2d 100; Matheson v. Campbell, 2 Cir., 78 F. 910. Second, plaintiff seeks evidence to show invalidity because of the patentee's and defendant's failure to file disclaimers when they knew the claims were invalid because broader than the invention. Such a defense has been sustained in Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731; Holzhauer Products Corp. v. Zaiger, D.C., 15 F.Supp. 1006; Bresnick v. United States Vitamin Corp., D.C., 47 F.Supp. 993.

▇ Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, does not call into operation legal tests of materiality or admissibility. The single question is whether the items sought to be made subject to discovery are relevant to the subject matter of the cause of action. Application of Zenith Radio Corp., D. C., 1 F.R.D. 627; Schutte & Koerting Co. v. Fischer & Porter Co., D. C., 6 Federal Rules Service 521; Mackerer v. New York Central R. Co., D. C., 1 F.R.D. 408; French v. Zalstem-Zalessky, D. C., 1 F.R. D. 508; Laird v. United Shipyards, Inc., D. C., 1 F.R.D. 772; Steingut v. Guaranty Trust Co. of New York, D.C., 1 F.R.D. 723. Unless it is palpable that the evidence sought can have no possible bearing upon the issues, the spirit of the new rules calls for every relevant fact, however, remote, to be brought out for the inspection not only of the opposing party but for the benefit of the court which in due course can eliminate those facts which are not to be considered in determining the ultimate issues. Item 1 in the praecipe relates to matters which are or, at least, may be relevant to the issues raised by plaintiff. Items 2 and 3 fall into the same category. These items concern various materials which the patentee experimented with in approaching the definition of the language of the claim of his patent. Defendant's motion with respect to these items is denied.

▇ Its motion with respect to item 6 is granted. This item is too sweeping in its sought discovery. It relates to all laboratory notes and papers of all other employees concerning experimentation of toxic agents identified in item 1 since June, 1928. In fact, defendant asserts that contained in such papers are trade secrets—the whole history of its commercial attempts in the insecticide field; and, as plaintiff is one of defendant's competitors, it should not be required to turn over its innards to plaintiff's exploratory examination until, at least, plaintiff can make a more specific indication of the relevancy of the matters sought. I conclude this view is sound. It may be as the depositions progress plaintiff will be in a position, as more facts are made available to it under items 1, 2, and 3, to point out this relevancy; but at the moment, plaintiff's request is too general.

As the parties wish to proceed with the taking of depositions of certain employees of defendant today in Philadelphia, and as those depositions will be conditioned upon the rulings made herein, I suggest they submit a form of order as soon as possible.

---

[3] After yesterday's argument plaintiff withdrew its motion with respect to items 4, 5, and 7 of the præcipe, as set forth supra in footnote 2.