**LA CHEMISE LACOSTE, Plaintiff,**

v.

**The ALLIGATOR COMPANY, INC.,**
**Defendant and Third-Party**
**Plaintiff,**

v.

**JEAN PATOU, INC., Third-Party**
**Defendant.**

**Civ. A. No. 3876.**

United States District Court,
D. Delaware.

March 16, 1973.

See also, D.C., 60 F.R.D. 164.

Thomas S. Lodge and Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., and W. Brown Morton and Donal B. Tobin of Morton, Bernard, Brown, Roberts & Sutherland, Washington, D. C., for plaintiff, La Chemise Lacoste, and third-party defendant, Jean Patou, Inc.

Lewis S. Black, Jr. and William H. Sudell, Jr. of Morris, Nichols, Arsht &

Tunnell, Wilmington, Del., Irving Constant and Brian L. Bilzin of Rubin, Wachtel, Baum & Levin, New York City, and Arthur H. Seidel of Seidel, Gonda & Goldhammer, Philadelphia, Pa., of counsel, for defendant and third-party plaintiff, The Alligator Co., Inc.

LATCHUM, District Judge.

This case is presently before the Court on the motion[1] of The Alligator Company, Inc. ("Alligator"), pursuant to Rule 26(c), F.R.Civ.P., seeking a protective order directing that certain matters listed in the notices of depositions directed to General Mills, Inc. ("Mills")[2] and The B.V.D. Company, Inc. ("B.V.D.") and the production of related documents under subpoenas *duces tecum* not be produced for, or inquired into by La Chemise Lacoste ("LCL"). LCL seeks, *inter alia,* to inquire into the motives of B.V.D. in acquiring and later disposing of the stock of Alligator, and the motive of Mills in acquiring the Alligator stock from B.V.D.

Because the parties have stipulated that LCL will withdraw its notices of depositions without prejudice in the event the Court rules that the motivations of B.V.D. in acquiring and disposing of Alligator stock and of Mills in acquiring the stock are irrelevant to the lawsuit,[3] the Court will limit its inquiry to that issue.

Essentially the parties are asserting in this litigation two sources of right to the use of the words "alligator" or "crocodile", the name of any lizard-like reptile, and pictorial representations of an alligator or crocodile or other lizard-like reptiles:[4] (1) contract rights originally arising out of a consent decree entered on September 19, 1958 in the United States District Court for the Southern District of New York between Alligator and David Crystal, Inc. ("Crystal")[5] an exclusive licensee of LCL for the sale of apparel in the United States, and (2) trademark rights.

LCL has advanced the argument that the motives of Mills or B.V.D. in acquiring or disposing of Alligator's stock may have been based on their respective estimates of the value of LCL's contractual rights vis-a-vis Alligator arising out of the consent decree between Alligator and Crystal or their respective judgments of the strength and value of Alligator's trademark rights.

In effect what is ultimately sought to be elicited by LCL is Mills' and B.V.D.'s opinions as to the relative contractual and trademark rights of LCL and Alligator, the parties to this lawsuit.

■ ■ As far as contract rights are concerned, inquiring into the intent of the parties to a contract (in this instance the contractual relationship arising from the consent decree) is sometimes permitted when the contract is ambiguous, but what is sought here is inquiry into the "opinions" of *non-parties* to the agreements. It is black letter law that an opinion of a non-party witness as to the meaning of the terms of a contract is not admissible unless the witness qualifies as an expert and it is shown that the terms in question are not used in their ordinary meaning. Wigmore, Evidence § 1971 (3d Ed.). Similarly an opinion of a non-party witness as to the value or strength of trademark rights is inadmissible unless the witness qualifies as an expert and it is demonstrated that technical expertise is needed. The opinions of the non-parties sought here, however, do not meet either of these conditions.

---

1. Docket Item 219.

2. General Mills, Inc. has filed a motion similar to Alligator but need not be discussed in view of the ruling on Alligator's motion.

3. Docket Item 220, Ex.C.

4. The background facts to this controversy are set forth in 53 F.R.D. 596 (D.Del. 1971).

5. The Alligator Company v. David Crystal, Inc., C.A. No. 115–272 (Unreported); Docket Item 10, Ex. 3.

■ Since the discovery sought can not lead to admissible evidence having any possible bearing upon the issues in this case and would simply result in an expensive and time-consuming exercise unrelated to this suit, the Court concludes that the motives of Mills and B.V.D. in acquiring or disposing of the Alligator stock are completely irrelevant and the matters listed in the notices of depositions need not be answered. *See* Dart Industries, Inc. v. Liquid Nitrogen Processing Corp. of California, 50 F.R.D. 286 (D.Del.1970); Hercules Powder Co. v. Rohm & Haas Co., 3 F.R.D. 302 (D. Del.1943).