(163 App. Div. 820)

### GLENNON v. SPENCER et al.   (No. 217-4.)

(Supreme Court, Appellate Division, Third Department.   September 23, 1914.)

1. MORTGAGES (§ 491*) — FORECLOSURE — CLAIM OF ASSIGNMENT — RIGHT OF LESSEE.

The owner of certain real property, subject to certain mortgages, gave to S. a lease of a part of the premises for 5 years, with the option that, if the owner had a bona fide offer to purchase the premises, the lessee should take them at the offer or his lease should be terminated. On November 30, 1911, a broker, claiming authority from the owner, contracted to sell the premises to G., and the lessee, when told of the opportunity to sell, offered to buy; but the owner withdrew the offer and executed to the lessee a new lease for 15 years, and later, in 1912, sold the property to others. *Held*, that the lessee's executrix could not be compelled in a suit to foreclose the mortgages, in which she sought to compel an assignment thereof, to try the question of the validity of the broker's sale on affidavits, but was entitled to insist that her rights under the 15-year lease should not be forfeited, except after a trial in court, so that a stipulation that the sale in the foreclosure action should not affect the lessee's rights under the 5-year lease was no answer to the executrix's demand for an assignment of the mortgages.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1434–1437; Dec. Dig. § 491.*]

2. MORTGAGES (§ 491*)—ASSIGNMENT—RIGHTS OF LESSEE.

A lessee may ordinarily demand the assignment of a prior mortgage to protect his possession.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1434–1437; Dec. Dig. § 491.*]

Appeal from Special Term, Otsego County.

Suit by Allan Glennon against Amelia G. Spencer, individually and as executrix of the will of Lloyd Spencer, deceased, and others. From an order denying the motion of defendant Spencer to compel plaintiff to assign certain mortgages in suit on payment of the amount due, Mrs. Spencer appeals.   Reversed, with directions.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thompson & Van Woert, of Oneonta (J. F. Thompson, of Oneonta, of counsel), for appellant.

Edson A. Hayward, of Oneonta, for respondent.

SMITH, P. J.   In 1909 Milton W. Hazelton was the owner of certain premises in the city of Oneonta. In that year he gave to one Lloyd Spencer a lease of a part of said premises for five years. In that lease it was provided that, if the said Hazelton had a bona fide offer for said premises, the said Spencer had the option to take them at the said offer; otherwise, his lease should be deemed terminated. Upon the 30th of November, 1911, one Keenan, for the said Hazelton, claiming to be authorized thereto, made a contract with one Joseph Glennon to sell to him the said premises. Thereafter, and upon the 7th day of December of that year, the said Hazelton entered into a lease of the said premises with the said Lloyd Spencer for the term of 15 years. Later, in 1912, the said Hazelton sold the prop-

erty to other persons. Joseph Glennon brought an action to declare this deed void, and to compel a transfer to him, making the said Hazelton a party thereto, and also the grantees named in Hazelton's deed to them. In that action it was declared that the deed was void; and it was also decided that this 15-year lease, executed December 7, 1911, was void. Spencer, however, was not a party to that action. There exists upon said premises three mortgages, two of which at least, if not the other, are prior in point of time to the lease to Lloyd Spencer. Glennon has procured said mortgages to be purchased and assigned to his son, Allan Glennon, who is the plaintiff in this action to foreclose the same. This motion was made by the defendant Amelia Spencer, who is the sole legatee and devisee and also the executrix of the will of Lloyd Spencer, to compel the said plaintiff to assign the said mortgages, upon the payment of the amount due. After the hearing of the argument the plaintiff offered a stipulation that the property might be sold, subject to such interest, if any, as the defendant Spencer might have in the 5-year lease. Apparently by reason of the giving of this stipulation the Special Term has denied the defendant's motion for the assignment, and it is from this order that the defendant here is appealing.

[1, 2] If the 15-year lease be not valid, defendant Spencer can claim under the 5-year lease. Lloyd Spencer, when told of the opportunity for sale, offered to buy, as he might do under the terms of his 5-year lease; but Hazelton withdrew it, and it was settled by the giving of the 15-year lease instead. Hazelton claimed that Keenan was not authorized to sell the premises to Glennon. While this fact has been determined adversely to Hazelton in the action by Glennon, defendant Spencer is not affected by the decree, because not a party to the action. If Keenan were unauthorized to sell, then the 15-year lease is valid, and upon this defendant Spencer now insists. This question should not be tried on affidavits. Defendant Spencer may with propriety insist that her rights under that lease should not be forfeited, except after a trial in court. The stipulation, therefore, that the sale in the foreclosure action should be subject to such rights as defendant Spencer might have under the 5-year lease, was not sufficient answer to defendant Spencer's demand of an assignment of the mortgages upon payment of the amount due. That a lessee may ordinarily demand the assignment of a prior mortgage would seem to be supported by sound equity and is within authority. Averill v. Taylor, 8 N. Y. 44; Twombly v. Cassidy, 82 N. Y. 155; Bayles v. Husted, 40 Hun, 376.

Defendant Joseph Glennon has asked, if an assignment be directed, that he, as owner of the equity, may have leave to pay the mortgages. This he may do at any time after due date without any direction of the court.

The order should therefore be reversed, with $10 costs and disbursements, and an assignment of the mortgages be directed upon payment to plaintiff of the amount due thereupon, and costs of the action to the time the offer to purchase the premises was first made.

All concur.