EDGAR S. KNOX, Plaintiff, *v.* ELIZABETH F. BECKFORD, Defendant.

City Court of Albany, April 16, 1938.

*Milton B. Knox*, for the plaintiff.

*Staley & Tobin* [*Thomas T. Heney* of counsel], for the defendant.

RUBENSTEIN, J. This is a motion by the defendant for summary judgment dismissing the complaint and for judgment in favor of the defendant under rule 113 of the Rules of Civil Practice.

The complaint sets forth a cause of action for professional services alleged to have been performed by A. Page Smith, plaintiff's assignor, between July 14, 1931, and February 20, 1932.

The answer of the defendant among other things, as a separate defense, alleges that the cause of action did not accrue within six years before its commencement. The defendant contends, therefore, under section 48 of the Civil Practice Act, known as the Statute of Limitations, that plaintiff is barred from recovery.

Plaintiff, however, contends that the statute has not run against him for two reasons:

1. That an action was commenced within the time limited therefor and that action having been dismissed other than upon the merits or for failure to prosecute, a new action for the same cause may be commenced within one year from such dismissal under section 23 of the Civil Practice Act.

2. That he is entitled to the benefit of section 17 of the Civil Practice Act having complied therewith.

It appears on this motion that a summons and a complaint verified on the 18th day of January, 1938, were delivered to a process server on the 19th day of January, 1938, and that repeated unsuccessful attempts were made by the process server to serve the defendant. On February 5, 1938, the summons and complaint were delivered to one of the marshals of the City Court of Albany with intent that it be actually served upon the defendant.

The marshal was unsuccessful in such attempt and on the 19th day of February, 1938, an order was made by one of the justices of this court for substituted service. Service of the summons and complaint together with said order for substituted service and the papers therewith was made, pursuant to the terms of said order on February 19, 1938, one day before the six-year period of limitation expired. On the return date of the said summons, February 25, 1938, the defendant appeared specially and moved to dismiss the action for failure to file the order and the papers upon which it was granted six days before the return date of the summons as required by section 31 of the Albany City Court Act (Laws of 1931, chap. 414). This motion was granted. Subsequently a new order for substituted service was granted and such service was effected on March 1, 1938, eleven days after the time limited by statute.

The first contention of the plaintiff cannot be upheld. Section 23 of the Civil Practice Act provides as follows: " If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action

is terminated in any other manner than by voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff  *  *  *  may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination."

When the plaintiff failed to timely file the order of February fifteenth for substituted service and the papers upon which it was granted, pursuant to which the service of February eighteenth was made, the said order under section 31 of the City Court Act became inoperative. Said section reads in part as follows: " 31. Papers to be filed; proof of service. The order, and the papers upon which it was granted, must be filed, and the service must be made, not less than six days before the return day of the summons; otherwise the order becomes inoperative."

It logically and clearly follows that said order being inoperative no action could be deemed to be commenced thereunder, and, therefore, section 23 of the Civil Practice Act cannot be availed of by the plaintiff. (*Guilford* v. *Brody*, 237 App. Div. 726; *Erickson* v. *Macy*, 236 N. Y. 412.)

We now come to the plaintiff's second contention, that he is entitled to the benefits of section 17 of the Civil Practice Act.

The City Court Act (§ 16) provides in part: " The provisions of the Civil Practice Act  *  *  *  shall apply to this court so far as the same can be made applicable and are not in conflict with the provisions of this act."

The City Court Act is silent as to the time in which an action may be commenced as well as how it might be saved from limitation of time, and, therefore, both sections 17 and 48 of the Civil Practice Act are applicable.

Section 17 of the Civil Practice Act provides, in part: " An attempt to commence an action in a court of record is equivalent to the commencement thereof against each defendant, within the meaning of each provision of this act which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff  *  *  *  of the county, in which that defendant  *  *  *  resides  *  *  *. But in order to entitle the plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service of the summons  *  *  *  or by substituted service of the summons on such defendant within the State pursuant to an order."

The position of the plaintiff is that the delivery of the summons and complaint on February 5, 1938, to the marshal of the City

Court of Albany was equivalent to delivery to the sheriff, and the service having followed within sixty days after such delivery, viz., March 1, 1938, his cause of action herein was saved from the Statute of Limitations.

This position, in my opinion, is also untenable. That it was the intention of the Legislature that in all courts of record delivery should be made to the sheriff can readily be seen from the reading of section 18 of the Civil Practice Act, which pertains to the saving of the statute in courts not of record.

That section requires the delivery of the summons to an officer authorized to serve the same within the city or town wherein the person resides or the corporation is located.

The plaintiff concedes that the City Court of Albany is a court of record and that section 17 of the Civil Practice Act applies. But he, in effect, proceeded under section 18 of the Civil Practice Act and now asks for the benefits of section 17 to which I do not think he is entitled.

Plaintiff argues that delivery to the sheriff would have been an idle ceremony in this case as the City Court would be without power to issue an order for substituted service upon the return of the sheriff. Section 29 of the Albany City Court Act does require " the return of a marshal, that proper and diligent effort has been made to serve the summons upon the defendant before an order for substituted service be made by this court." But I cannot see how delivery to the sheriff would have prevented compliance with section 29 of the City Court Act. In fact, the plaintiff could have delivered the summons to the sheriff and such delivery, even if service was afterwards made by the marshal, would have had the same effect, as far as the saving of the statute was concerned, as if service was made by the sheriff himself. (*Cohoes Bronze Co., Inc.,* v. *Georgia Home Ins. Co.,* 243 App. Div. 224.)

The Federal court cases cited by the plaintiff, which hold delivery of a summons to a marshal of the United States court is compliance with section 17 of the Civil Practice Act, in my opinion are based on the Federal statutory provision, which clothes the marshals of the Federal courts with the same powers in executing the laws of the United States in each State as the sheriffs and their deputies in such States may have by law in executing the laws thereof. There is no statute, however, that gives that power to the marshals of this court, and, therefore, I do not feel that the situation is analogous nor the cases applicable here.

The defendant's motion for summary judgment is hereby granted, and judgment may be entered dismissing the complaint, with costs and disbursements of the action.