ELLEN PRETERRE CLARK, Respondent. *v.* TITLE GUARANTEE AND TRUST COMPANY, Appellant.

First Department, March 15, 1940.

*Flynn L. Andrew* of counsel [*Eugene Z. DuBose* with him on the brief; *Milbank, Tweed & Hope*, attorneys], for the appellant.

*Charles L. Crowley*, for the respondent.

UNTERMYER, J. The question to be determined on this appeal relates to the effect of the Statute of Limitations on the third cause of action which, for the first time, was asserted in the second amended complaint. It does not seem to be disputed by the plaintiff that it is within the statute (*Follender* v. *Title Guarantee & Trust Co.*, 258 App. Div. 724) if it constitutes a cause of action which was not previously asserted, but the plaintiff contends that it is merely an amplification of the first cause of action which was contained in the original complaint against which the statute has not run. The second cause of action is not material to the question to be considered here.

The first cause of action alleges that the plaintiff is the owner of a guaranteed first mortgage certificate representing an undivided share in a bond and mortgage held in the name of the defendant. It is alleged that at maturity the defendant, as the agent of the plaintiff, failed to exercise proper diligence in attempting to collect the principal and interest of the mortgage either from the owner of the mortgaged premises or from the guarantor, the Bond and Mortgage Guarantee Company. The third cause of action contained in the second amended complaint alleges that the defendant, as the holder of the bond and mortgage, without the plaintiff's knowledge or consent, " entered into an agreement with the owner of the said premises extending the payment of the said bond and mortgage to a date unknown to plaintiff and delivered to the said owner an executed document embodying and evidencing such agreement." Under the first cause of action whatever liability may exist results from the defendant's failure to perform its duty, as the plaintiff's alleged agent, to collect upon the mortgage; under the third cause of action, liability would result from the defendant's affirmative act in extending the mortgage without the plaintiff's authority. This does more than introduce a new allegation concerning a previously stated cause of action.

The distinction between these causes of action becomes apparent when it is observed that, conceivably, the plaintiff might not recover merely upon proof that the defendant had failed to collect upon the bond and mortgage or the guaranty but might recover if the defendant, as the holder of the legal title, had taken affirmative action in executing an extension without the plaintiff's consent. It is thus evident that the third cause of action is not a mere amplification of the first but declares upon " a different   *   *   * obligation or liability." (*Harriss* v. *Tams*, 258 N. Y. 229; *McConnell* v. *Caribbean Petroleum Co.*, 278 id. 189.)

It is no answer that, in support of her first cause of action, the plaintiff at the trial may prove the extension agreement to establish or explain the defendant's failure to collect the principal and interest of the mortgage. Even then the plaintiff could only recover on the first cause of action if the defendant were held to be liable on account of the failure to collect upon the mortgage. (*Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220; *Scheu* v. *Union R. Co.*, 112 App. Div. 239.) If, however, the third cause of action is permitted to remain in the complaint, the plaintiff may recover on account of the extension even though she fails to establish any liability for the mere failure to collect. We must discriminate here between the use of facts as evidence of a cause of action which is not within the Statute of Limitations and their use as constituting a cause of action which is

outlawed by the statute. When thus considered, it is evident that the third cause of action introduces allegations of fact of which the defendant had no previous notice and proceeds upon a theory not suggested by the complaint until after the Statute of Limitations had intervened.

The order should be reversed, with twenty dollars costs and disbursements to the appellant, and the motion to dismiss the third cause of action under rule 107 of the Rules of Civil Practice should be granted, with leave to the defendant to answer within ten days after service of order with notice of entry thereof.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; GLENNON, J., dissents and votes to affirm on the authority of *United States* v. *Memphis Cotton Oil Co.* (288 U. S. 62), and cases therein cited.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the defendant to answer within ten days after service of order.