SADIE S. SCHWARTZ, Respondent, v. THOMAS E. MURRAY, as Receiver of Interborough Rapid Transit Company, Appellant.—

Close, P. J., Hagarty, Adel, Taylor and Lewis, JJ., concur.

SIGMA CORPORATION, Respondent, v. CITY OF MOUNT VERNON, Appellant.—

Close, P. J., Hagarty, Adel and Lewis, JJ., concur; Taylor, J., dissents, with the following memorandum: I dissent and vote to reverse the order and to dismiss the supplemental complaint upon the ground that each of the causes of action therein alleged is barred by the six-year Statute of Limitations. Upon this record, each of those causes vested in County Securities, Inc., on June 23, 1936. As matter of law each became vested in plaintiff on June 5, 1942, when County Securities, Inc., assigned those causes to plaintiff, which, in effect, commenced action thereon against defendant (Civ. Prac. Act, § 245-b), by service, pursuant to an order dated July 31, 1942, of the supplemental complaint containing those causes of action, each of which in legal effect seeks to recover on implied contract for money had and received. When a new and distinct liability is asserted by an amended pleading, as to which the Statute of Limitations has run before the service of the amended pleading, the statute is a good defense. (*Harriss* v. *Tams*, 258 N. Y. 229; *McConnell* v. *Caribbean Petroleum Co.*, 278 N. Y. 189; *Clark* v. *Title Guarantee & Trust Co.*, 259 App. Div. 136, affd. 284 N. Y. 619.)

ANNA P. STORS, as Administratrix of the Estate of JOHN M. STORS, Deceased, Respondent, v. LONG ISLAND RAILROAD COMPANY, Appellant.—

Present — Carswell, Johnston, Adel, Taylor and Lewis, JJ.