REMODELING & CONSTRUCTION CORP., Appellant, v. SAMUEL MELKER et al., Defendants, and REBA HOROWITZ et al., Respondents.— Action to foreclose a junior participating interest in a first mortgage. Respondents, Horowitz, Goldstein and Stein, are second mortgagees. They interposed an answer pleading two separate affirmative defenses, which in substance allege that plaintiff and a nominee of defendant owners of the property entered into a modification agreement, whereby the plaintiff's junior interest in the first mortgage was advanced two years so that it became due prior to respondents' second mortgage, and the interest rate and amortization payments were increased, rendering the second mortgage valueless. Respondents — second mortgagees — moved for summary judgment and plaintiff, pursuant to subdivision 8 of rule 113 of the Rules of Civil Practice, asked for the same relief. Respondents' motion was granted, and plaintiff appeals. Order, and judgment entered thereon, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Hagarty, Johnston and Adel, JJ., concur; Nolan, J., dissents and votes to reverse the order and judgment and to deny the motion on the ground that the record does not establish the extent to which respondents' security has been impaired.

CLARENCE E. SMALLEY et al., Respondents, v. FORBES G. HUTCHEON, as Administrator of the Estate of BERTHA HUTCHEON, Deceased, Appellant.— Action to recover damages for personal injuries and property damage as the result of the collision of two automobiles in a foreign State. Judgment affirmed, with costs. The proceedings in the Circuit Court in Illinois, in which the proofs of service were struck out and the complaint dismissed, with costs against the plaintiffs, constituted an action in which the plaintiffs were nonsuited within the meaning of the Illinois statute which gave an additional period of one year in which to commence a new action. (Smith-Hurd, Statutes of Illinois, ch. 83, § 24a; Jones, Illinois Statutes Annotated, § 107.284.) Carswell, Johnston and Aldrich, JJ., concur; Lewis, P. J., and Adel, J., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: On the reasoning of the decisions in *Erickson* v. *Macy* (236 N. Y. 412) and *Knox* v. *Beckford* (285 N. Y. 762, affg. 258 App. Div. 823, affg. 167 Misc. 200), it would seem that the proceedings taken by plaintiffs in the Illinois court cannot be found to have created a "pendency of action" for the reason that the Illinois court had no jurisdiction of the person of the foreign administrator and never could obtain it. (*Judy* v. *Kelley*, 11 Ill. 211.) If there was no action pending at the time the two-year statutory period expired, the right to commence again, as granted by the one-year renewal statute (Illinois Rev. Stat., ch. 83, § 24a; Jones, Illinois Statutes Annotated, § 107.284) never accrued, and it matters not whether or not the decision of the Illinois court quashing the writ and dismissing the complaint is construed as a nonsuit.

CARLO F. ZEZZA, Respondent, v. EXPORTERS ALLIANCE, INC., et al., Appellants.— In an action to recover damages for breach of a contract of employment (wrongful discharge before the end of the employment period), judgment in favor of the plaintiff, against both defendants, unanimously affirmed, with costs. Order denying the motion of the individual defendant to dismiss the second cause of action and to dismiss the complaint against that defendant, affirmed, without costs. No opinion. Present — Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ.