**NOLA ELECTRIC CO., Inc. v. REILLY.**

United States District Court
S. D. New York.
April 26, 1948.
On Motion for Reargument Sept. 29, 1949.

Weil, Gotshal & Manges, New York City, for plaintiff.

William J. Mahon, New York City, for defendant. Matthias F. Correa, New York City, of counsel.

RYAN, District Judge.

Defendant, prior to answer, moves to dismiss the amended complaint upon the grounds that the claim pleaded is barred by the statute of limitations and that it fails to state a claim upon which relief can be granted. Fed.Rules Civ.Proc., 12(b), 28 U.S.C.A.

The original complaint was filed on December 24, 1947 and was served upon defendant on January 20, 1948. The amended complaint was served on February 11, 1948.

Here, Nola Electric Co., Inc., a Louisiana corporation, sues John D. Reilly, a resident of this district, seeking judgment in the sum of $300,400.

Defendant, on this motion, urges that "the cause of action alleged in the amended complaint is barred by the three year statute of limitations," New York Civil Practice Act, § 49(7), "if it can be related back to the original complaint and by the six year statute if it cannot." New York Civil Practice Act, § 48(1).

The original complaint contained the following allegations:

On May 5, 1934, Monte E. Hart was president and majority stockholder of plaintiff corporation; defendant, Reilly was president of Todd Shipyards Corporation. Hart and Reilly were then and "for many years prior" "close personal friends." Defendant on said date "at request of plaintiff, purchased for the account of plaintiff 1700 shares of Todd Shipyards Corporation stock" and plaintiff paid defendant $46,671.21 for the stock so purchased. It was agreed at the time that the stock would be registered in the name of defendant "and would be so held until plaintiff should request the transfer and delivery of said stock to it, and that any dividends declared and paid upon said stock until such transfer and delivery to plaintiff would be held by defendant for the account of plaintiff." On January 16, 1942, plaintiff "duly demanded" that defendant "transfer and deliver said shares of stock and all of the accumulated dividends" and defendant refused so to do. The dividends are said to have amounted to $91,300 and the stock to have a market value of $209,100.

The claim as set forth in the original complaint was in conversion. It was alleged in paragraph "Tenth" that defendant "wrongfully and unlawfully converted to his own use and benefit said shares of stock and said accumulated dividends thereon." This claim in conversion was barred

by the statute of limitations. N.Y.C.P.A. § 49(7).

The amended complaint is on a claim sounding not in tort, but in contract. The contract alleged is substantially on the same facts as those set forth in the original complaint, and there is only the additional allegation that the stock *"would be held by defendant for the account of plaintiff."* The breach of the contract alleged is also in substantially the same terms as that in the original complaint; but, there is added that the demand for the delivery of the stock and accumulated dividends paid thereon *"in accordance with instructions then given by plaintiff to defendant"* was made on January 16, 1942 *"in accordance with the aforesaid agreement"*, and that *"in breach and in violation of the aforesaid agreement"* defendant failed and refused to deliver and account.

This action was begun with the filing of the complaint on December 24, 1947 and not with the service of it on defendant on January 20, 1948. Fed.Rules Civ.Proc. rule 3. The three year statute of limitations is not applicable, for the amended complaint pleads neither a conversion nor an implied contract arising out of a conversion. The theory of this action is now in contract—not in implied assumpsit—based upon a breach of the terms of an express agreement made on May 5, 1934. The breach alleged is the failure of defendant to deliver the stock and account for the accumulated dividends upon the demand alleged to have been made on January 16, 1942. Because there is here pleaded the breach of an express contract, Loughman v. Town of Pelham, 2 Cir., 1942, 126 F.2d 714 is not applicable. That this is so is indicated by what the court said there, 126 F.2d at page 719, " * * * The result may be different where there is a breach of an express contract to return upon demand property which has been converted by a bailee without the knowledge of the bailor. Ganley v. Troy City National Bank, 98 N.Y. 487."

The claim asserted in the amended complaint being in contract, the six year statute of limitations applies.

Plaintiff, having in the original complaint asserted a claim for conversion, is not now estopped from asserting, upon the same facts, a claim for a breach of the terms of an express contract. On this, Judge Cardozo wrote in Schenck v. State Line Telephone Co., 238 N.Y. 308, at page 311, 144 N.E. 592, 593, 35 A.L.R. 1149: " * * * An election of remedies presupposes a right to elect Henry v. Herrington, 193 N.Y. 218, 222, 86 N.E. 29, 20 L.R.A.,N.S., 249. It 'is simply what its name imports; a choice, shown by an overt act, between two inconsistent rights, either of which may be asserted at the will of the chooser alone.' Bierce v. Hutchins, 205 U.S. 340, 346, 27 S.Ct. 524, 51 L.Ed. 828. If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed. As to this, there is nothing of uncertainty in the decisions in New York."

The amended complaint was not served until February 11, 1948, more than six years after the date of the alleged breach—on January 16, 1942—of the express contract asserted. Unless the amended complaint can be related back to the original complaint it must be dismissed as barred by the statute of limitations.

Rule 15(c), Fed.R.Civ.P. provides: " * * * Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

A comparison of the allegations of the original complaint with those of the amended complaint shows no essential difference in the facts alleged. Both complaints seek recovery upon almost identical facts and upon the same contract. The theory upon which recovery is sought has been changed, but not the facts. The Supreme Court, prior to the amendment of the rules, in United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 281, 77 L.Ed. 619, quoted the holding of Mr. Justice Holmes in New York Central & H. R. R. Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 67 L.Ed. 294, that, " * * * when a defendant has had notice from the beginning that the plaintiff sets up and is trying to

enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

Judge Clark states of rule 15(c), supra (Clark on Code Pleading, 2d ed., 1947, 731): " * * * a change in legal theory only should not be considered the statement of a new cause. And unless there has been so great a change in the material operative facts that an entirely different fact situation is presented, the amendment should be allowed. This is the theory of the Federal Rules, which is reached through the device of relating back to the original complaint or defense any amendment stating a claim or defense arising out of the 'conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' "

We conclude that the amended complaint does not state a new cause of action, Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075, and that the amended complaint relates back to the date of the filing of the original complaint.

Defendant also urges that the period of limitations applicable to the claim pleaded must be computed, under § 15 of the New York Civil Practice Act, from May 15, 1934—the date of the original transaction.

The worth of this contention is to be determined, of course, by considering the question of whether plaintiff's right to sue accrued on January 16, 1942 (the date of demand for delivery of the stock and payment of the accumulated dividends) or on May 5, 1934 (the date of the alleged agreement and contract).

Section 15 of the New York Civil Practice Act provides:

"*Commencement of action where demand necessary.* Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete except in one of the following cases:

"1. Where the right grows out of the receipt or detention of money or property by an agent, trustee, attorney, or other person acting in a fiduciary capacity, the time must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends.

"2. Where there was a deposit of money not to be repaid at a fixed time but only upon a special demand, or delivery of personal property not to be returned specifically or in kind at a fixed time or upon a fixed contingency, the time must be computed from the demand."

The amended complaint alleges that the "stock would be held by defendant for the account of plaintiff * * * until plaintiff should request the transfer and delivery of said stock to it, and that any dividend declared and paid upon said stock until such transfer and delivery to plaintiff would be held by defendant for the account of plaintiff." Plaintiff is clearly within the second exception of section 15, supra. There is pleaded "a deposit of money not to be repaid at a fixed time but only upon a special demand" and "a delivery of personal property not to be returned specifically or in and at a fixed time or upon a fixed contingency." The time for the running of the statute must be computed from the date of the demand, which is alleged to be January 16, 1942.

Nor can we hold that as a matter of law, the failure of plaintiff to make demand of defendant until January 16, 1942, deprives him of his remedy at law. No time was set in the alleged agreement for the making of a demand. That he delayed in making it for a period of almost eight years, defendant cannot now be heard to complain. At any time prior to that date, defendant could have tendered to plaintiff the stock and accounted for the dividends. The delay, if there be any, is attributable equally as much to plaintiff as to defendant. Trial will perhaps establish the reason for it. In any event, since no fixed time was agreed on for the making of the demand for an accounting the period of delay does not defeat plaintiff's claim. Ganley v. Troy City National Bank, 98 N.Y. 487.

The motion to dismiss the complaint is denied with leave to defendant to answer in twenty days.

Settle order.

### On Motion for Reargument

Defendant moves for reargument of a motion he previously made to dismiss the amended complaint herein upon the ground that the claim pleaded was barred by the statute of limitations, and that it failed to state a claim upon which relief could be granted. Defendant asks that I reconsider the order entered on April 26, 1948 denying his original motion and that I do so in the light of Ragan v. Merchants Transfer Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, June 20, 1949. This, I have done. I am of the same opinion still, but for reasons different from those heretofore expressed. Defendant's motion is therefore denied.

The following assumes familiarity with my memorandum of April 26, 1949—

I held there that the action was commenced on December 24, 1947 when the complaint was filed with the clerk of the court, following Rule 3 F.R.C.P.; and, that the amended complaint related back to this date, following Rule 15(c). The effect of these rulings was that even though the amended complaint was filed more than six years after the statute of limitations began to run the action was nonetheless timely under the federal rules.

The Ragan action involved a highway accident in Kansas. Plaintiff filed his complaint in the United States District Court for Kansas, prior to the expiration of the two-year Kansas statute of limitations. Federal jurisdiction was predicated on diverse citizenship; service of the summons was made after the expiration of the statute of limitations; it was conceded that the action could not have been brought in the Kansas state court. Rule 3 provides that a civil action is commenced by filing the complaint with the court, and if the federal rule had applied, as plaintiff contended, the claim would not have been barred by the Kansas statute of limitations. In the state court of Kansas, an action is commenced when service of the summons is made.

The Supreme Court held, following Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231, that the state statute determined when the action was commenced, and it dismissed the complaint as barred by the statute of limitations.

The defendant urges that under the Ragan case, the statute of limitations cannot be measured by federal law, but that local law must govern, and that consequently, (1) the action was not begun until service on the defendant and (2) the amended complaint may not be related back to the date of the commencement of the action, so that the matters pleaded therein are barred by the New York statute of limitations.

■ (1) Here, the amended complaint sounds in contract; the six-year New York statute of limitations applies. N.Y.C.P.A. § 48(1). The time for the running of the statute must be computed from the date of the demand, alleged to be January 16, 1942.

The original complaint was filed with the clerk of this court on December 24, 1947 and the summons with a copy of the complaint delivered to the United States Marshal for the Southern District of New York with instructions to effect service thereof upon the defendant. On January 20, 1948, a person designated by the court served the defendant. Rule 4(c).

■ Jurisdiction in this action is founded on diverse citizenship. Rule 3, providing that "a civil action is commenced by filing a complaint with the court", is not applicable when computing the running of the state statute of limitations. Ragan v. Merchants Transfer Co., supra. Since local law created the right this court is asked to enforce "the measure of it is to be found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. * * * It accrues and comes to an end when local law so declares." Ragan case, 337 U.S. at page 533, 69 S.Ct. at page 1235, 93 L.Ed. 1520. Resort must be had to New York law to determine when this action was commenced.

Section 16 of the Civil Practice Act provides that "An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

Plaintiff did not escape the consequences of the statute of limitations under the provisions of this section, for personal service of the defendant was not accomplished until after the six-year period had expired. But, plaintiff claims the benefits of Section 17, C.P.A., which provides in part as follows: "An attempt to commence an action in a court of record is equivalent to the commencement thereof against each defendant, within the meaning of each provision of this act which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff, or, where the sheriff is a party, to a coroner of the county, in which that defendant, or one of two or more co-defendants who are joint contractors or otherwise united in interest with him, resides or last resided * * *. But in order to entitle a plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service of the summons * * *."

Unlike the Ragan case, the instant action could have been brought, within the time limitation, in the state court.

■ The delivery, on December 24, 1947, of the summons and a copy of the complaint to the Marshal with the intent (evidenced by its instructions for service) that they be actually served upon the defendant, and the subsequent service of him on January 20, 1948, brought plaintiff under the provisions of Section 17. This action was therefore commenced on December 24, 1947 and within the six-year period. This neither varies nor enlarges plaintiff's rights under local law, nor does it give it an advantage over the rights he would have enjoyed had it been confined to the jurisdiction of the New York courts. To hold to the contrary would, in effect, be depriving it of the benefits of Section 17.

■■ The Marshal is invested by statute with all the powers, which a sheriff has in the state in which his district lies. Agnello v. United States, 2 Cir., 290 F. 671; 28 U.S.C.A. § 549, formerly § 504. The delivery of the summons and complaint to the Marshal was equivalent to a similar call upon the state *sheriff* to perform a like service. There is no requirement that a litigant in an action pending in federal court call upon the services of a state official to either protect, enforce or enjoy the privileges granted to him by local law. The test to be applied under the rationale of Erie R. Co. v. Tompkins, supra is whether the litigant is receiving the same treatment that he would have in a state court, and this does not prevent a federal court from administering the state system of law in its own way in connection with "details related to its own conduct of business." Cohen v. Beneficial Loan Corp., 337 U.S. 541, 555, 69 S.Ct. 1221, 1230, 93 L.Ed. 1528. What particular individual or official shall be authorized to effect service of process is such a detail, and it does not affect substantial rights. Local law permits such service to be made under ordinary circumstances, by a sheriff or one over eighteen years of age, Rule 53, New York Rules of Civil Practice, and restricts service to the sheriff or, in exceptional cases to other named state officials, to gain the benefits of Section 17; federal law limits those who may validly serve district court process to the Marshal, his deputies or some person specially appointed by the court for that purpose. Rule 4(c). The difference, however, concerns only administration of the court business.

I am at a loss to discover a logical and reasonable method by which a plaintiff could otherwise bring himself within Section 17. The defendant contends that this might have been accomplished in one of two ways: (1) by delivering the summons to the sheriff, with service thereafter to be made by the federal Marshal, or (2) by having the sheriff deputized so that he could himself serve the summons after its delivery to him. The first of these methods

would have been an idle gesture, for the sheriff would have no authority by virtue of his state office to serve the summons, Rule 4(a) and 4(c), and Section 17 directs that the summons must be delivered to the sheriff "with the intent that it shall be actually served". Delivery to the sheriff would negative such an intent, since he could not fulfill the commission given him. Cohoes Bronze Co. v. Georgia Home Insurance Co., 243 App.Div. 224, 276 N.Y.S. 619. Had the second course been followed and an order secured designating the sheriff as a person appointed by the court to serve the summons, the effect of such order would have been to appoint the sheriff in his individual capacity and not as a state official. Modric v. Oregon & N. W. R. Co., D.C., 25 F.Supp. 79.

Defendant relies upon the decision of the City Court of Albany in Knox v. Beckford, 167 Misc. 200, 3 N.Y.S.2d 718, affirmed 258 App.Div. 823, 15 N.Y.S.2d 174, affirmed 285 N.Y. 762, 34 N.E.2d 911, to support his position, but the facts are not analogous to those of the instant action and the decision not controlling. There, plaintiff delivered the summons and complaint to the Marshal of the City Court of Albany and claimed that this delivery was equivalent to delivery of the summons to the sheriff pursuant to Section 17. The court rejecting this contention, said, 167 Misc. at page 203, 3 N.Y.S.2d at page 721:

"This position in my opinion is also untenable. That it was the intention of the Legislature that in all courts of record delivery should be made to the sheriff can readily be seen from the reading of section 18 of the Civil Practice Act, which pertains to the saving of the statute in courts not of record.

"That section requires the delivery of the summons to an officer authorized to serve the same within the city or town wherein the person resides or the corporation is located.

"The plaintiff concedes that the City Court of Albany is a court of record, and that section 17 of the Civil Practice Act applies. But he in effect proceeded under section 18 of the Civil Practice Act, and now asks for the benefits of section 17 to which I do not think he is entitled.

"Plaintiff argues that delivery to the sheriff would have been an idle ceremony in this case, as the City Court would be without power to issue an order for substituted service upon the return of the sheriff. Section 29 of the Albany City Court Act does require 'the return of a marshal, that proper and diligent effort has been made to serve the summons upon the defendant before an order for substituted service be made by this Court.' But I cannot see how delivery to the sheriff would have prevented compliance with section 29 of the City Court Act. In fact, the plaintiff could have delivered the summons to the sheriff, and such delivery, even if service was afterwards made by the marshal, would have had the same effect, as far as the saving of the statute was concerned, as if service was made by the sheriff himself. Cohoes Bronze Co., Inc., v. Georgia Home Ins. Co., 243 App.Div. 224, 276 N.Y.S. 619."

The question involved details of practice and matters of the conduct of the business of a state court, not those of a federal court. The sheriff of Albany County could have made valid personal service of the summons in that action, whereas here the state sheriff was completely without power or authority to make service, in his official capacity, of a summons issued from this court. Then too, the City Court of Albany is a New York state court of record and the plaintiff erroneously acted in accordance with Section 18, which pertains only to courts not of record. It is of interest to observe that the court in its opinion recognized that the situation under Section 17 in federal court actions, where the summons was delivered to the United States Marshal, was entirely different, and wrote, 167 Misc. at page 203, 3 N.Y.S.2d at page 721: "The federal court cases cited by the plaintiff, which hold delivery of a summons to a marshal of the United States court is compliance with section 17 of the Civil Practice Act, in my opinion, are based on the federal statutory provision which clothes the marshals of the federal courts with the same powers in executing the laws of the

United States in each state, as the sheriffs and their deputies in such states may have by law in executing the laws thereof. There is no statute, however, that gives that power to the marshals of this court, and therefore I do not feel that the situation is analogous nor the cases applicable here."

(2) I come to the defendant's contention that the amended complaint may not be related back to the date of the original commencement of the action, for purposes of tolling the statute of limitations.

■ It does not require a scryer to foresee that the logical extension of the doctrine of the Ragan decision requires that this question be decided in accordance with statutory and case law of New York. Although the court in Harriss v. Tams, 258 N.Y. 229, 239, 179 N.E. 476, 481, did refer to the amendment of a complaint as "a procedural step in bringing a dispute before the court for arbitrament," the ill-defined and loosely used expressions "matters of procedure" and "matters of substantive law" are not determinative. "Rules which lawyers call procedural do not always exhaust their effect by regulating procedure." Cohen v. Beneficial Loan Corp., supra [337 U.S. 541, 69 S.Ct. 1230]. The test again to be applied is whether the amendment of the complaint embraces a new claim not alleged in the original complaint thereby serving as an attempt to toll the statute of limitations on a claim already barred. If this is not permitted by local law, it may not be allowed in a federal court in a diversity action.

It is not necessary here to determine whether local law on this subject is as broad and far-reaching as the present federal rule, Rule 15(c), and the decisions interpreting it and settling its scope. A comparison of the local law and the federal rule will serve no purpose.

In my memorandum opinion of April 26, 1948, I discussed the claims and facts pleaded in both the original and the amended complaints and concluded that, "A comparison of the allegations of the original complaint with those of the amended complaint shows no essential difference in the facts alleged. Both complaints seek recovery upon almost identical facts and upon the same contract. The theory upon which recovery is sought has been changed, but not the facts", and, "The amended complaint does not state a new cause of action."

I have re-read the complaint and the amended complaint. The latter did not introduce allegations of fact of which defendant had no previous notice, nor did it proceed upon a theory not suggested by the original complaint until after the statute of limitations had intervened. The same obligation or liability is pleaded in both.

■ The original complaint pleads the alleged agreement of May 5, 1934 between plaintiff and defendant, whereby plaintiff entrusted 1700 shares of stock to the defendant. The amended complaint sets forth the same agreement. Both allege a demand on January 16, 1942 for the return of the stock and for an accounting of the accumulated dividends. The only difference lies in the fact that in the original complaint plaintiff elected to sue for conversion of the stock and dividends by reason of defendant's failure to account upon demand, while in the amended complaint it sues for breach of the same contract and alleges defendant's default for the same reason. This is permissible under the New York cases which have formulated the rule that whenever the claim asserted in the amended pleading is based on the same obligation or liability alleged in the original pleading, the amended pleading relates back to the date of the original pleading. Harriss v. Tams, supra.

It is interesting to note that to reach this result, the New York courts have predicated their decisions on New York C. & H. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294. In Harriss v. Tams, the Court of Appeals stated, 258 N.Y. at page 242, 179 N.E. at page 481: "The question here is whether the action from its commencement was upon the same obligation or liability, though the cause of action to enforce that obligation or liability has been changed, or a new remedy has been asserted. So the Supreme Court of

the United States has said: 'Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.' New York C. & H. R. R. Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294."

█ If the same proof, and no more, would support the claims asserted in both complaints the amended pleading may be related back to the commencement of the action. This test was laid down by Judge Untermyer in Clark v. Title Guarantee & Trust Co., 259 App.Div. 136, at page 137, 18 N.Y.S.2d 175, 177; writing, "We must discriminate here between the use of facts as evidence of a cause of action which is not within the Statute of Limitations and their use as constituting a cause of action which is outlawed by the statute. When thus considered, it is evident that the third cause of action introduces allegations of fact of which the defendant had no previous notice and proceeds upon a theory not suggested by the complaint until after the Statute of Limitations had intervened."

Here, the proof offered by plaintiff would serve to establish the allegations of both pleadings equally as well.

Commenting upon the New York rule, Judge Clark in Michelsen v. Penney, 2 Cir., 135 F.2d 409, 417, note 4 said: "Since this is a matter of federal pleading, that is, of what is fair notice from the complaint, Clark, Code Pleading, 1928, 75, 83, 513, state precedents are not controlling. But there is nothing to indicate that the New York cases upon which defendant strongly relies would lead to a different result. Cases such as Goldstein v. Tri-Continental Corp., 282 N.Y. 21, 24 N.E.2d 728, and Winkelman v. General Motors Corp., D. C. S. D. N. Y., 44 F.Supp. 960, 1018, are those where new and independent acts were asserted beyond the period of limitations. Harriss v. Tams, 258 N.Y. 229, 179 N.E. 476, actually supports relation back here; while Lehman, J., refused an amendment of a cause of action grounded on an agent's

failure to deliver a boat 'in accordance with representations' to include the agent's breach of a warranty of authority to make representations for his principal, he did say that an amendment to claim a breach of contract to deliver a boat with a specified speed would be permissible."

█ I again reach the conclusion that the amended complaint relates back to the commencement of the action, and that it is not barred by the statute of limitations. Motion denied.