Samuel Hofstadteb, J.
This is an action to foreclose a second mortgage given in December, 1950 to the plaintiff’s assignors by the defendant Charles Kannel Corp., and guaranteed by its majority stockholder, the defendant Charles Kannel Corp., to secure the balance of the purchase price of two adjoining parcels of real property in the borough of Manhattan. The defendant Harell Holding Corp., the tenant under a 21-year lease, executed in 1953, of one of the parcels, on which it operates a hotel, moves for the appoint,ment of a receiver of the rents of the mortgaged premises. It asserts that the plaintiff, which became the assignee of the ¿mortgage through mesne assignments, is the tool of the owner corporation and its chief stockholder, Charles Kannel; that the default under this mortgage is willful and the foreclosure action a collusive scheme to destroy the moving defendant’s •lease and to put the plaintiff in possession as tenant in its stead. The first mortgage on the property is held by the owner’s stockholder, Charles Kannel, and is also in default, though no action to foreclose it has been commenced. The moving tenant claims that it has made substantial improvements since it entered into occupancy and that its lease is worth $100,000. The plaintiff mortgagee has not appeared on this application, though given notice; perhaps its seeming indifference is not without significance.
The owner and the moving tenant assail each other’s good faith. The owner charges that this application is a maneuver by the tenant to evade payment of its rent; the tenant on its part imputes to the owner the scheme already mentioned to use the foreclosure action to rid itself of a lease found no longer to be desirable. Only a trial can show where the truth lies.
An application by a tenant made a defendant in a foreclosure action for the appointment of a receiver is unusual. Its novelty, if meritorious, is, however, not sufficient ground for its rejection. Section 974 of the Civil Practice Act author *243 izes the appointment of a receiver on the application of a party who “ establishes an apparent right to, or interest in, the property”. In my opinion the tenant here has established such interest. It holds a valuable long-term lease which is subordinate to the plaintiff’s mortgage. This interest entitles it upon payment or tender of the amount due to demand an assignment of the bond and mortgage from its holder (Mahnk v. Blanchard, 233 App. Div. 555, 559-562; Glennon v. Spencer, 163 App. Div. 820). The tenant thus has a clear interest in seeing that the rents from the mortgaged property are not dissipated. The tenant asserts that the rents have deliberately not been applied to meet the obligations of the first and second mortgages as part of the owner’s plan to destroy its lease.
The tenant occupies the position of a junior lienor and as ■such has the necessary standing to apply for a receiver. A former owner of property under foreclosure potentially liable for a deficiency has been held entitled to the appointment of a receiver (American Trust Co. v. Casselman, 248 Mich. 76; though on rehearing it appeared that the question had become ¡moot by reason of the sale of the property for more than the mortgage debt and the earlier decision was recalled, the original opinion nevertheless stands as a reasoned exposition on the subject matter). The interest of the moving tenant is, if anything, more direct than that of the mortgagor in the case just cited.
Since the tenant has the necessary interest in the property, the court is of the opinion that the situation demands its intervention to assure an orderly administration of the property. If the tenant prevails on the trial and establishes the collusive arrangement between the plaintiff and the owner and its stockholder, and if meanwhile the rents have been frittered awa1' instead of being held intact or applied, as the tenant contends they can and should be, towards the mortgages, the terms attending the relief then given the tenant may prove to be far more burdensome than they would otherwise have been. A (receivership will avert this needless danger without prejudicing either the plaintiff mortgagee or the owner. A receiver will, therefore, be appointed if the tenant complies with the condition about to be imposed.
The tenant seeking the court’s aid must itself do equity. It ■says that it stands ready to pay the rent which it has been (Withholding on the appointment of a receiver. It will be (required so to do, and to make certain that it does, it shall promptly deposit with its attorneys in escrow the full amount of all rent due, and on the settlement of the order hereon, *244 the tenant’s attorneys will submit a certificate of such deposit with them, stating the amount of the deposit made and that the sum so deposited will be paid to the receiver within 24 hours of his qualification. Unless such certificate is so submitted, a receiver will not be appointed and the motion will be deemed denied. Settle order.