Morris Slifkin, J.
In an action to foreclose consolidated second mortgages, plaintiff moves for summary judgment. The defendant-tenant, Smith-Wolff Company, Inc., cross-moves for a determination that its leasehold interest in the premises is to be adjudged superior in lien to a part of the consolidated mortgages being foreclosed herein and for related relief.
The motions are consolidated and are disposed of on the terms hereinafter set forth.
On July 16, 1965, the mortgagor, 275 Washington Street Corporation, purchased the mortgaged premises. The mortgagor gave back a purchase-money mortgage which is not in question in this action. The mortgagor also executed and delivered a second mortgage to one Caroline Metzger (hereinafter called the “ Metzger mortgage ”) in the principal sum of $81,000, which mortgage was recorded in the office of the Clerk of Westchester County in Liber 7170 of mortgages, at page 650.
At the time of the closing of title to said premises and the execution and delivery of the mortgages hereinabove referred to, the premises presently subject to the Smith-Wolff lease were vacant.
Thereafter, and on March 10, 1969, the mortgagor executed and delivered a lease to the defendant-tenant, Smith-Wolff Company, Inc., which lease was recorded in the office of the Clerk of Westchester County, on May 20, 1969, in Liber 6856 of Deeds at page 496. The term of said lease was for a period of 11 years with renewal options. The said tenant thereafter took possession of the demised premises.
*1046 On January 15, 1970, approximately 8 months after the recording of the lease, the plaintiff herein acquired by assignment the Metzger mortgage on which the principal balance had then been reduced to $56,000. At the same time, the mortgagor executed and delivered to the plaintiff a new mortgage (hereinafter referred to as the “ Dominion mortgage ”) in the principal sum of $216,750. The Metzger mortgage and the Dominion mortgage were consolidated and extended by an agreement dated January 15, 1970 and recorded in the office of the Clerk of the County of Westchester on January 21, 1970 in Liber 7275 of mortgages, at page 657. The said consolidation and extension agreement fixed the total amount due on the consolidated mortgages at $272,750 and further, modified the terms and provisions of the mortgages as so consolidated with relation to principal and interest payments.
The defendant-tenant does not contest the defaults claimed to exist in the payments of principal, interest and tax installments as set forth in the complaint. Subject to the terms of this decision, plaintiff is therefore entitled to summary judgment in this action.
On defendant-tenant’s cross motion, the court finds that the leasehold of the said defendant is subordinate in lien only to the Metzger mortgage and further, that the .said leasehold is superior in lien to the Dominion mortgage.
The consolidation agreement does not bar this result. A consolidation agreement is an instrument of convenience for the contracting parties only. The execution and delivery of a consolidation and extension agreement, absent a consent or subordination thereto, cannot adversely affect, impair or derogate the priorities of lien of any interests which have effectively intervened between the respective dates of execution and delivery of the two mortgages which were consolidated. (Remodeling & Constr. Corp. v. Melker, 65 N. Y. S. 2d 738, affd. 270 App. Div. 1053; Schuck v. King Realty Co., 260 App. Div. 1021, affd. 285 N. Y. 750; Toner v. Ehrgott, 226 App. Div. 244.) The consolidation and extension agreement cannot and does not confer upon the mortgage later in time the priority of lien which attaches to the mortgage earlier in time so as to subordinate the intervening lien to the consolidation of both mortgages. On the contrary, the lien of the two mortgages so consolidated, as to persons other than the contracting parties, continue as separate liens having differing priorities. (Cf. Real Property Law, § 321, subd. 3.)
Further, at the time of the execution and delivery of the consolidation agreement, the lease to the defendant-tenant was *1047 recorded and its provisions were a matter of record and therefore constituted notice to the mortgagee in the Dominion mortgage.
The said lease agreement contained the following printed clause with respect to mortgage subordinations: “ Subordination 7. This lease is subject and subordinate to all ground or underlying leases and to all mortgages which may now or hereafter affect such leases or the real property of which demised premises form a part, and to all renewals, modifications, consolidations, replacements and extensions thereof. This clause shall he self-operative and no further instrument of subordination shall he required by any mortgagee. In confirmation of such subordination, Tenant shall execute promptly any certificate that Landlord may request. Tenant hereby constitutes and appoints Landlord the Tenant’s attorney-in-fact to execute any such certificate or certificates for and on behalf of Tenant ”,
Appended to the said lease is the following typewritten clause:
“ V. It is agreed that as to any mortgages, ground leases or underlying leases hereafter placed on the premises, these sub-ordinations provided for in Article 7 of the printed portion of this lease shall extend only to:
(a) Such leases or mortgages presently affecting the premises and to all renewals and extensions thereof;
(b) Such mortgages as are placed with lending institutions, i.e., a bank, insurance company, trust company, pension or welfare fund, charitable organization, or a school, college or other educational institution; and
(c) Such other mortgages under which the mortgagee by agreement in the mortgage or in a separate instrument contracts in substance not to disturb Tenant’s occupancy so long as Tenant performs its obligation in this lease, nor to name Tenant as a defendant in any dispossess or ejectment proceedings on condition that Tenant, when requested by the mortgagee, shall execute an attornment agreement to the mortgagee should the mortgagee or a purchaser at foreclosure succeed to the rights of the Landlord under this lease. ’ ’
The Dominion mortgage is not within the categories designated in subdivisions (a) or (b) above quoted. Absent an agreement on the part of the defendant-tenant to waive the benefit of the provisions of the paragraph above quoted, the said clause effectively precludes an assertion of a claimed priority of lien on the part of the Dominion mortgage with relation to the leasehold of the defendant-tenant. No such waiver is asserted or proved in the moving papers.
*1048 By reason of the foregoing, the court finds that the leasehold interest of the defendant-tenant is ' superior in lien to the Dominion mortgage, hut is subordinate in lien to the Metzger mortgage.
Apart from statutory provisions, in a foreclosure action, the holder of a leasehold affecting the mortgaged premises which is subordinate in lien to a mortgage being foreclosed, is in the position of a junior lienor (Global Realty Corp. v. Kannel Corp., 9 Misc 2d 241, 243). If it is necessary for the protection of its interests, the tenant may pay the mortgage debt and be subrogated to the rights and remedies of the holder thereof. (Averill v. Taylor, 8 N. Y. 44; Twombly v. Cassidy, 82 N. Y. 155; Mahnk v. Blanchard, 233 App. Div. 555.) The application for such relief on the part of the tenant may be made by motion in the action of foreclosure (Albany Sav. Bank v. Fairchild, 276 App. Div. 297) or by answer as in the instant case (Big Apple Supermarkets v. Cookdale Realty, 61 Misc 2d 483).
The defendant-tenant is entitled to tender to the plaintiff herein the amount found to be due on the Metzger mortgage as hereinafter directed and to receive an assignment thereof.
To prevent delay in the recovery of the amount due plaintiff, the court directs that:
1. An order be entered herein appointing a Referee to compute.
2. Said Referee shall compute separately the respective amounts due under the Metzger mortgage and the Dominion mortgage together with accrued interest on each .said sum to the date of such computation and further including the costs and disbursements necessarily incurred by plaintiff in this action to that date.
3. The Referee prepare and file his report showing such amounts as computed and reported.
4. A copy of said report be served on the attorneys for the defendant-tenant.
5. Within 15 days from the date of such service, the defendant-tenant shall deliver to the Referee a certified or bank check payable to the order of plaintiff in the amount as ascertained to be due on the Metzger mortgage together with accumulated interest from the date of such report to the date of such payment and together with the costs and disbursements necessarily incurred by plaintiff as determined.
6. That upon receipt of such check together with the payment of the fees of the Referee, plus any expenses necessarily *1049 incurred by the Referee in this proceeding, the Referee shall deliver to the defendant-tenant, or its designee made by timely advice in writing, an assignment without recourse of the (Metzger mortgage together with the bond and all subsequent instruments of assignment of record, which assignment of the Metzger mortgage shall be properly executed in advance by the plaintiff and held in escrow by the Referee pending receipt of the check of defendant-tenant, together with the Referee’s fees and disbursements as above provided.
7. If defendant-tenant fails to comply within the said 1'5-day period with the directions hereinabove set forth, then the defendant-tenant’s right of tender and the answer asserting such right of tender on behalf of the defendant-tenant, shall be canceled and dismissed with prejudice, and the mortgagee may proceed forthwith with the action of foreclosure and sale as set forth in the complaint.
8. If the defendant-tenant does comply within the said 15-day period with the directions above set forth, then the plaintiff may, at its election, proceed with the foreclosure, by amended complaint, of the Dominion mortgage.
The defendant-tenant also asks that upon the delivery to the said tenant of the Metzger mortgage, it be awarded a judgment of f oreclosure and sale in this action on its “ senior ” mortgage and against the so-called “ junior ” mortgage. This aspect of the defendant’s cross motion is denied. Such application is premature. The court cannot and will not anticipate the happening of events or attempt to fix the rights of the parties in the future based upon happening of certain contingencies.
It should be pointed out that in the event an attempt is made to foreclose the Metzger mortgage after assignment to the defendant-tenant herein, the holder of the Dominion mortgage in turn may, as a junior lienor, claim and assert the same common-law right to tender and to receive an assignment therefor as granted to the defendant-tenant herein. However, in such event, the court would then direct .that the said further assignment from the defendant-tenant to the holder of the Dominion mortgage be made subject to the leasehold of the defendant-tenant. Subrogation is a creature of equity and it will be invoked and appropriate conditions applied in accordance with principles of equity and good conscience. (Mahnk v. Blanchard, 233 App. Div. 555, 562, supra.)